UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:


SCHAHIN HOLDINGS S.A.,
BASE ENGENHARIA E SERVIÇOS                          Chapter 15
DE PETRÓLEO E GÁS S.A.
A/K/A SCHAHIN ENGENHARIA S.A.,                      Case No.:
SCHAHIN EMPREENDIMENTOS
IMOBILIARIOS LTDA,
SCHAHIN SECURITIZADORA
DE CRÉDITOS FINANCEIROS S.A.
SCHAHIN DESENVOLVIMENTO
IMOBILIÁRIOS S.A.,
COMPANHIA SCHAHIN DE ATIVOS,
MTS PARTICIPAÇÕES S.A.,
SATASCH PARTICIPAÇÕES LTDA,
DEEP BLACK DRILLING LLP,

        Debtors in a Foreign Proceeding.
_____/

**MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

OSANA MENDONÇA, as the representative for KPMG Corporate Finance LTDA, court-

appointed bankruptcy trustee and the foreign legal representative (the "Foreign Representative")

for the bankruptcy estates of SCHAHIN HOLDINGS S.A., BASE ENGENHARIA E SERVIÇOS

DE PETRÓLEO E GÁS S.A.  A/K/A SCHAHIN ENGENHARIA S.A., SCHAHIN

EMPREENDIMENTOS IMOBILIARIOS LTDA, SCHAHIN SECURITIZADORA DE

CRÉDITOS FINANCEIROS S.A., SCHAHIN DESENVOLVIMENTO IMOBILIÁRIOS S.A.,

COMPANHIA SCHAHIN DE ATIVOS, MTS PARTICIPAÇÕES S.A., SATASCH

PARTICIPAÇÕES LTDA, and DEEP BLACK DRILLING LLP (the "Debtors"), files this *Motion*

*for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"). The Motion seeks entry of an Order granting (i) recognition, pursuant to 11 U.S.C. § 1517[1], of the Debtors' court-approved insolvency proceeding pending in 2nd Bankruptcy and Reorganization Court of São Paulo, Brazil (the "Brazilian Bankruptcy Court") under case no. 1037133-31.2015.8.26.0100 (the "Brazilian Bankruptcy Case"); (ii) related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief which may be available under the Bankruptcy Code. In support of the Motion, the Foreign Representative respectfully states as follows:

### PRELIMINARY STATEMENT

1. The Foreign Representative files the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition") seeking recognition of the Brazilian Bankruptcy Case as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The Declaration of the Foreign Representative (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A"**.

3. The Order placing the Debtors in liquidation pursuant to Brazilian law is attached to the Declaration as Exhibit 2.

4. The Petition, this Motion, and the accompanying Declaration demonstrate that the Brazilian Bankruptcy Case should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

5. The Foreign Representative seeks the type of relief that Chapter 15 was designed

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2

to provide, and the Brazilian Bankruptcy Case and this Petition meet all the requirements for recognition and the requested relief.

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 of the Bankruptcy Code.

7.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

8.      Brazil is the Debtors' center of main interests, as most of them are  incorporated in Brazil and all had their  headquarters and business operations is in Brazil.

9.      Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Foreign Representative has retained Sequor Law in this district who is holding unused retainer funds.  In addition, Sequor Law holds in its trust account in this District US$997.00 deposited by the Foreign Representative on behalf of and for the benefit of the Debtors, to which funds Sequor Law has no rights of setoff, charging lien, or similar right

**BACKGROUND**

**A.  The Debtors' Historical Business Activities**

10.      On or about 1966, Milton and Salim Schahin founded a large conglomerate of companies some of which are the Debtors and numerous other affiliated entities.  This family of companies were managed and controlled by these principals as a single economic group (the "Schahin Group"). Initially, the Schahin Group focused their operations in government contracts for the construction of substantial infrastructure projects.  Later the Schahin Group expanded their business activities into other areas such as telecommunication, banking, energy, oil and gas.

3

11.    Specifically, around 2010, due to the growth of Brazilian economy and the Schahin Group's close ties to Brazilian public authorities, the Schahin Group started shifting their business activities from infrastructure projects to prospecting oil and gas.  Its main partner in the oil business was Petrobrás, the Brazilian state-controlled oil company. Collectively, the Schahin Group became one of Brazil's most significant industry leaders.

12.    According to the Schahin Group's reorganization filing, the collapse of the Brazilian economy, the decrease of the international price of petroleum, the rise of US dollar value against the Brazilian real, the corruption scandal involving Petrobrás, which resulted in the companies being investigated by the "Lava Jato Operation," and the subsequent refusal of public and private banks to extend credit, allegedly caused the Schahin Group to default on a debt totaling approximately R$6,498,235,325.61 (or USD$1,800,000,000).

**B.  The Lava Jato Investigation**

13.    The Lava Jato Operation, or Operation Car Wash, is an ongoing federal criminal investigation in Brazil that caused the arrest of several politicians worldwide, such as the former Brazilian president Luis Inácio Lula Da Silva, and businesspeople such as Marcelo Odebrecht, heir and former CEO of one of the largest Brazilian conglomerate of construction companies in the world. Lava Jato initially started as a money laundering investigation related to illegal international wire transfers for the drug trade.

14.    Later, based on the evidence collected on the criminal investigation, it expanded to cover allegations of corruption at Petrobrás, in which executives allegedly accepted bribes in return for awarding contracts to construction firms at inflated prices. According to the Brazilian Authorities, 548 requests for international cooperation in more than 45 countries were issued,

while 88 criminal charges were pressed against 420 different individuals. As of February 2019, there have been 232 convictions against 151 people.

15.    Based on the Lava Jato investigation, Salim and Milton Schahin were sentenced to 9 years and 10 months in prison for the fraudulent management and corruption due to a fraudulent loan of R\$12 million granted by the Schahin Bank S.A. ("Schahin Bank" or the "Bank") to a cattle rancher named José Carlos Bumlai, which was intended to be transferred the Brazilian Labor Party or Partidos Trabalhadores ("PT").

### C.  Investigative Findings of the Schahin Group

16.    Based on the case records, accounting of the Schahin Group, federal police reports, open source documents, depositions by whistleblowers, and other sources, there were evidences of further fraudulent activities by the Schahin Group, including the payment of bribes to several public officials and private agents.

17.    To date, there are 40 offshore companies in countries, including the United States, Panama, Bermuda, Austria, British Virgin Islands, Uruguay, which may have been used for the concealed diversion of assets from the Schahin Group.

18.    The Foreign Representative submits that the additional relief requested under Section 1521 below is both necessary and appropriate. As this matter is an asset recovery investigation and enforcement, the Foreign Representative needs to (and intends to) take discovery from witnesses in the United States on a variety of subjects including those related to (a) the general discovery of location and disposition of assets of the Debtor, (b) the general discovery regarding liabilities of the Debtor, (c) transactions with the Debtor, and (d) any claims in the foreign proceeding that may be threatened, contemplated, are currently pending (whether under seal or otherwise), against the Debtor, insiders or affiliates of the Debtor, persons who comingled

SEQUOR LAW, P.A.

their assets with those of the Debtor, persons who engaged in misconduct along with Debtor, or fraudulent or preferential transferees.  All such discovery will be taken in accordance with US law; thus, any witnesses will have all of the rights and protections afforded by US law.

## BASIS FOR RECOGNITION

19.     The Foreign Representative has satisfied each of the requirements for recognition under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Foreign Representative qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as judicial administrator the Debtors' bankruptcy estate by the Brazilian Bankruptcy Court, which grants it the power to, among other things, (i) carry out the liquidation of the Debtors bankruptcy estate under Brazilian law; (ii) investigate the business and affairs of the Debtors including conducting discovery of documents and information wherever located; and (iii) pursue available claims for the benefit of the creditors. Implicit within the powers granted to him under Brazilian law, the Foreign Representative may file auxiliary insolvency proceedings abroad and be recognized as the foreign representative for the bankruptcy of the Debtors under the laws of Brazil.

(b)     The Brazilian Bankruptcy Case qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in the Brazilian Bankruptcy Court under the bankruptcy laws of Brazil for the purpose of liquidation.

(c)     The Brazilian Bankruptcy Case further qualifies as a "foreign main proceeding" because the Brazilian Bankruptcy Case is a foreign proceeding pending in São Paulo, Brazil, which was the Debtors' center of main interest.

(d)     Foreign Representative submits that section 109(a) of the Bankruptcy Code does not apply herein.  To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15

SEQUOR LAW, P.A.

cases, each Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include an amount on deposit with Sequor Law, P.A.

(e)     Lastly, this Motion is accompanied by the Brazilian Bankruptcy Court's Order Appointing the Foreign Representative.  Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith.

## **RELIEF REQUESTED**

20.     By this Motion, the Foreign Representative respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "B"**, granting the following relief:

(a)     Recognizing the Brazilian Bankruptcy Case as a "foreign main proceeding" and the Foreign Representative as the foreign representative of the Debtors;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtors and the Debtors' estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(2)     entrusting the administration or realization of all of the assets of the Debtors within the territorial jurisdiction of the United States to the Foreign Representative;

(3)     entrusting the distribution of all or part of the assets of the Debtors located within the United States to Foreign Representative;

(4)     otherwise granting comity to and giving full force and effect to the Orders of the Brazilian Bankruptcy Court, including, without limitation, those attached as Exhibit 2 to the Declaration; and

(d)     granting the Foreign Representative such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 26, 2019                              Respectfully submitted,

                                                  SEQUOR LAW, P.A.
                                                  1001 Brickell Bay Drive, 9th Floor
                                                  Miami, Florida 33131
                                                  Telephone: 305-372-8282
                                                  Facsimile: 305-372-8202
                                                  E-Mail:    ggrossman@sequorlaw.com
                                                             afinley@sequorlaw.com

                                          By:     */s/ Amanda E. Finley*
                                                  Gregory S. Grossman
                                                  Florida Bar No. 896667
                                                  Amanda E. Finley
                                                  Florida Bar No. 100225

8

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| SCHAHIN HOLDINGS S.A.,<br>BASE ENGENHARIA E SERVIÇOS<br>DE PETRÓLEO E GÁS S.A.<br>A/K/A SCHAHIN ENGENHARIA S.A.,<br>SCHAHIN EMPREENDIMENTOS<br>IMOBILIARIOS LTDA,<br>SCHAHIN SECURITIZADORA<br>DE CRÉDITOS FINANCEIROS S.A.<br>SCHAHIN DESENVOLVIMENTO<br>IMOBILIÁRIOS S.A.,<br>COMPANHIA SCHAHIN DE ATIVOS,<br>MTS PARTICIPAÇÕES S.A.,<br>SATASCH PARTICIPAÇÕES LTDA,<br>DEEP BLACK DRILLING LLP, | Chapter 15<br><br>Case No.: |

Debtors in a Foreign Proceeding.
_____/

**DECLARATION OF OSANA MENDONÇA OF KPMG
CORPORATE FINANCE LTDA IN SUPPORT OF CHAPTER 15
PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING**

I, OSANA MENDONÇA, as the representative for KPMG Corporate Finance LTDA

("KPMG" or the "Foreign Representative"), court-appointed bankruptcy trustee and the foreign

legal representative for the Debtors hereby declare under penalty of perjury under the laws of the

United States as follows:

1.      I am over the age of 18 and I am competent to make this Declaration.  All statements

contained herein are true and correct to the best of my knowledge and belief, my review of the

relevant documents and from conversations with relevant personnel.  If called upon, I could testify

as to all matters set forth in this Declaration based upon my own personal knowledge, except for those portions specified as being otherwise.

2.      This Declaration is submitted in support of the Chapter 15 Petition for Recognition of a Foreign Proceeding (the "Petition")[1] and the Verified Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code (the "Verified Motion"), seeking entry of an Order granting (i) recognition of the Brazilian Bankruptcy Case as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code; (ii) related relief under sections 1520, 1521; and (iii) other applicable relief under the Bankruptcy Code.

## Background

### A.  The Debtors' Historical Business Activities

3.      On or about 1966, Milton and Salim Schahin founded a large conglomerate of companies that are now comprised of the Debtors and numerous other affiliated entities that were managed and controlled by these principals as a single economic group (the "Schahin Group"). Initially, the Schahin Group focused their operations in government contracts for the construction of substantial infrastructure projects.  Later the Schahin Group expanded their business activities into other areas such as telecommunication, banking, energy, oil and gas.

4.      Specifically, around 2010, due to the growth of Brazilian economy and the Schahin Group's close ties to Brazilian public authorities, the Schahin Group started shifting their business activities from infrastructure projects to prospecting oil and gas.  Its main partner in the oil business was Petrobrás, the Brazilian state-controlled oil company. Collectively, the Schahin Group became one of Brazil's most significant industry leaders.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

5.      According to the Schahin Group's reorganization filing, the collapse of the Brazilian economy, the decrease of the international price of petroleum, the rise of US dollar value against the Brazilian real, the corruption scandal involving Petrobrás, which resulted in the companies being investigated by the "Lava Jato Operation," and the subsequent refusal of public and private banks to extend credit, allegedly caused the Schahin Group to default on a debt totaling approximately R$6,498,235,325.61 (or USD$1,800,000,000).

**B.  The Lava Jato Investigation**

6.      The Lava Jato Operation, or Operation Car Wash, is an ongoing federal criminal investigation in Brazil that caused the arrest of several politicians worldwide, such as the former Brazilian president Luis Inácio Lula Da Silva, and businesspeople such as Marcelo Odebrecht, heir and former CEO of one of the largest Brazilian conglomerate of construction companies in the world. Lava Jato initially started as a money laundering investigation related to illegal international wire transfers for the drug trade.

7.      Later, based on the evidence collected on the criminal investigation, it expanded to cover allegations of corruption at Petrobrás, in which executives allegedly accepted bribes in return for awarding contracts to construction firms at inflated prices. According to the Brazilian Authorities, 548 requests for international cooperation in more than 45 countries were issued, while 88 criminal charges were pressed against 420 different individuals. As of February 2019, there have been 232 convictions against 151 people.

8.      Based on the Lava Jato investigation, Salim and Milton Schahin were sentenced to 9 years and 10 months in prison for the fraudulent management and corruption due to a fraudulent loan of R$12 million granted by the Schahin Bank S.A. ("Schahin Bank" or the "Bank") to a cattle

rancher named José Carlos Bumlai, which was intended to be transferred the Brazilian Labor Party or Partidos Trabalhadores ("PT").

### C. Investigative Findings of the Schahin Group

9.      Based on the case records, accounting of the Schahin Group, federal police reports, open source documents, depositions by whistleblowers, and other sources, there were evidences of further fraudulent activities by the Schahin Group, including the payment of bribes to several public officials and private agents.

10.     To date, there are 40 offshore companies in countries, including the United States, Panama, Bermuda, Austria, British Virgin Islands, Uruguay, which may have been used for the concealed diversion of assets from the Schahin Group.

### D. The Brazilian Reorganization and Bankruptcy Proceeding

1.      On April 17, 2015, the Debtors filed for reorganization.  Initially, the principals of the Debtors attempted to include twenty-eight (28) entities in the substantively consolidated reorganization proceeding.

2.      On May 4, 2015, the Brazilian Bankruptcy Court entered an order only permitted nine (9) entities to be included in the reorganization.  *See* the Reorganization Limitation Order attached as **Ex. 1**.  This proceeding is pending in 2nd Bankruptcy and Reorganization Court of São Paulo, Brazil (the "Brazilian Bankruptcy Court") under Case No. 1037133-31.2015.8.26.0100 (the "Brazilian Bankruptcy Case").

3.      This decision was appealed and affirmed by the São Paulo Court of Appeal.

4.      In February 2016, the creditors approved and Brazilian Bankruptcy Court confirmed a reorganization plan.

5.      On March 1, 2018, the Brazilian Bankruptcy Court converted the reorganization into a bankruptcy proceeding as a result of the Debtors' failure to comply with and make required payments under the reorganization plan and I was appointed over the Debtors' estate.  *See* the Conversion and Appointment Order attached as **Ex. 2**.

6.      As judicial administrator of the Debtors, I have the power to, among other things, administer and supervise the liquidation of the Debtors' assets, investigate the actual causes of the liquidation, and, when necessary and with the court's authorization, pursue causes of action for the benefit of creditors.  I have authority to act as the Debtors' foreign representative to seek Chapter 15 recognition of the Brazilian Bankruptcy Case or any other auxiliary proceedings abroad.

7.      For the reasons set forth below, I am advised of the following: (i) that I am a duly appointed "foreign representative" of the Brazilian Bankruptcy Proceeding and that the Brazilian Bankruptcy Proceeding constitutes a "foreign proceeding" within the meaning of subsections 101(23) and (24) of the Bankruptcy Code, respectively; (ii) that this case was properly commenced in accordance with the requirements of the Bankruptcy Code; and (iii) that the Brazilian Bankruptcy Proceeding satisfies all the requirements to be recognized as a "foreign main proceeding" under Chapter 15 of the Bankruptcy Code.

8.      Based on the list presented in the reorganization proceeding, the creditors have made claims against the Debtors of approximately R$4.749.869.807,80 (or approximately US$1,255,628,946.22). Other claims are being investigated, which may result in a substantially larger amount of claims.

9.      Because my investigation is ongoing, I am not yet able to ascertain the total value and/or location of the Debtors' assets.

**Grounds for Recognition**

10.     As judicial administrator, I am bestowed with the power to, among other things, investigate the affairs of the Debtors for purpose of recovering assets for the benefit of the creditors.  This includes pursuing any available causes of action.

11.     I am seeking recognition to, among other things, recover the Debtors' assets as well as other documentary and testimonial evidence from witnesses in furtherance of my investigative and asset recovery efforts as part of the Brazilian Bankruptcy Case.

12.     I need to investigate the possibility that other assets in the United States may have been acquired using funds of the Debtors.  Thereafter, I hope to make recoveries to the extent possible, including by filing actions and asserting such proprietary claims as may be available to me in the United States.  I may also bring claims against any third parties that are subject to suit and may have damaged or owe money to the Debtors in the United States, which may be subject to tracing claims.

13.     The result of the actions described above for which recognition of the Brazilian Bankruptcy Case is sought will benefit the creditors because such recognition will permit creditors of the Debtors further recovery opportunities in order to collect on their claims.

**Compliance with Federal Rule of Bankruptcy Procedure 1007(a)(4)**

14.     Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(4), I hereby disclose the following information:

  a.  KPMG Corporate Finance LTDA represented by OSANA MENDONÇA is the duly appointed "judicial administrator" in the Brazilian Bankruptcy Case and the authorized foreign representative of the Debtors.

  b.  KPMG Corporate Finance LTDA's address is as follows:

> Attn: OSANA MENDONÇA
> Rua Arquiteto Olavo Redig de Campos, 105 – 10th Floor
> 04711-904, São Paulo, SP
> Brazil

For purposes of this Bankruptcy Case, I respectfully request that any correspondence be sent, in addition to the address provided above to:

> Attn:   Gregory S. Grossman
> Amanda Elizabeth Finley
> Sequor Law, P.A.
> 1001 Brickell Bay Drive, 9th Floor
> Miami, Florida 33131

c.  The Debtors are not a party to any other litigation in the United States.

d.  No provisional relief is being sought under 11 U.S.C. § 1519 against any particular entity or person at this time.  However, as foreign representative of the Debtors, the judicial administrator reserves the right to seek provisional relief as needed.

### Section 1515(c) Statement

27.   Other than this Chapter 15 Petition, I am not aware of any foreign proceedings of the Debtor, as that term is defined under section 101(23) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 18, 2019

_____

KPMG Corporate Finance LTDA, represented by OSANA MENDONÇA, as Liquidator in the Debtors' court-approved bankruptcy proceeding

*EXHIBIT "1"*

Tradução nº I-48673
Livro nº 356
Folha 442

**Maria Cláudia Santos Ribeiro Ratto**

*TRADUTORA PÚBLICA*

*I, Maria Cláudia Santos Ribeiro Ratto, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

## SÃO PAULO STATE COURT OF APPEALS

JUDICIAL DISTRICT OF SÃO PAULO

CENTRAL CIVIL COURTHOUSE

2ND BANKRUPTCY AND REORGANIZATION COURT

### Advisement

**On May 4, 2015, I sent these case records to the Hon. Judge of the 2nd Bankruptcy and Reorganization Court of the Capital City, to be taken under advisement. Signed by me, Breno Oliveira dos Santos, Judiciary Assistant.**

### ORDER

Case **No.: 1037133-31.2015.8.26.0100 – Court-Supervised Reorganization**

Claimant: **Schahin Engenharia S/A** *et alii*

Respondent: **Schahin Engenharia S/A** *et alii*

Judge: Mr. **Paulo Furtado de Oliveira Filho**

Having seen the case records:

1 – A court-supervised reorganization petition was submitted by 13 local companies – Schahin Engenharia S/A, Schahin Holding S/A, Schahin Empreendimentos Imobiliários Ltda., Schahin Desenvolvimento Imobiliário S/A, MTS Participações Ltda., S.M. Participações S/A, S2 Participações Ltda., Satasch Participações Ltda, Schahin Securitizadora de Créditos Financeiros S/A, Companhia Schahin de Ativos, Schahin Administração e Informática Ltda., Foxborough Participações Ltda., and HHS Participações S/A – and 15 foreign companies – Schahin Holdco Ltd., Schahin Oil & Gas Ltd., Casablanca International Holdings Ltd., Carlyle's International Holding Ltd., M&S Drilling LLC, Milos Drilling Ltd., South Empire International LLC, Pelican Drilling Services Ltd., Deep Black Drilling LLP, Deep Black Drilling LLC, Riskle Holding Gmbh, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC, all of which are members of the Schahin group.

2 – Foreign companies Schahin Holdco Ltd., Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC, represented by different counsel, appeared in the case records alleging that creditor Mizuho Bank Ltda. has, in the exercise of contractual guarantees, exercised its right to replace the managers of such companies.

Mizuho Bank further reported in the records a decision of the Supreme Court of the British Virgin Islands ruling that any measure sought by such companies through their removed managers would be deemed illegal.

The counselors that originally represented such companies requested to abandon the case.

The companies also appeared before this court, by counsel subsequently appointed, and requested to abandon the case, which is hereby ratified.

**Therefore, Schahin Holdco Ltd., Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC. are dropped from the case.**

3 – As to the other foreign claimants, it is necessary to verify whether the legal requirements for the

Tradução nº I-48673
Livro nº 356
Folha 443



*TRADUTORA PÚBLICA*

joint reorganization petition and joinder of claimants are met.

This analysis is also necessary because the claimants have elected not to submit a reorganization petition for all the group companies, thereby acknowledging that the joinder of claimants is not compulsory.

In the case of a permissive joinder of claimants, there must be a qualified connection between the claims that could be separately filed by each of the claimants.

According to the complaint, "the foreign companies named in this Court-Supervised Reorganization Petition are those that are linked to Schahin Engenharia (by virtue of the drill service agreements) and also of (sic) those that may have actions filed by foreign creditors against them" (p. 31).

However, the foreign companies, except for Deep Black Drilling PP, are not the owners of the drills operated in Brazil.

No Brazilian oil prospecting operation is developed by such companies, which also rules out the jurisdiction of this court.

In addition, there is no evidence in the case records of the alleged risk of actions filed by foreign creditors against such companies which *do not* own the drills, with a potential harm to the reorganization of Schahin Engenharia.

Therefore, either because they do *not* own the Lancer and Vitoria drills operated by Schahin Engenharia in Brazil, or because there is no evidence showing the alleged risk of actions filed against the foreign companies, with a potential harm to the reorganization of Schahin Engenharia, there is no factual or legal common point of affinity between the matters that could justify the application of art. 46, IV, of the Brazilian Code of Civil Procedure (CPC).

Lest it be argued that this matter should be left to the discretion of the creditors, they are entitled to examine the reorganization plan, but the court has authority to review the lawfulness of the joinder of claimants.

**Therefore, I dismiss the request submitted by the foreign companies Riskle Holding Gmbh, Casablanca International Holdings Ltd., Milos Drilling Ltd., Deep Black Drilling LLC, South Empire International LLC, Pelican Drilling Services Ltd., Carlyle's International Holding Ltd., and M&S Drilling LLC.**

4 – On the other hand, **Deep Black Drilling LP** is the only foreign company that develops a business activity directly related to that of Schahin Engenharia.

Deep Black is the charterer of the "Vitoria" drill operated by Schahin Engenharia.

The operation of the "Vitoria" drill is at the service of another Brazilian company (i.e. Petrobras).

The oil prospecting occurs in Brazil.

The controlling shareholders of both Deep Black and Schahin Engenharia are individuals domiciled in Brazil.

Therefore, Deep Black is directly linked with the "Vitória" operation carried out in Brazil by Schahin Engenharia.

Although it is an English company belonging to a Brazilian business group, its request for court-supervised reorganization in Brazil is admissible.

It is here that the business activity of the group is concentrated, which is the economic standard set forth in law to establish jurisdiction.

5 – **As to the local companies** in the joinder of claimants, some of them are inactive: **Foxborough Participações Ltda.; HHS Participações S/A; Schahin Administração e Informática Ltda.; and**

**Tradução nº I-48673**
**Livro nº 356**
**Folha 444**

Maria Claudia Santos Ribeiro Ratto

*TRADUTORA PÚBLICA*

### S2 Participações Ltda.

If there is a legal obstacle to the reorganization of such companies that do not engage in a business activity, which is a requirement set forth in the main provision of art. 48 of Law No. 11.101/2005, I deny their request.

The complaint also includes a financial credit securitization company, which is *not* linked to the construction or oil and gas exploration activities and is not even included in the latest organization chart of the group presented on p. 7046.

The existence of two companies under common control, with absolutely different corporate purposes, without proof of the existence of a group interest is not sufficient for the admissibility of a request for joinder of claimants.

Therefore, I deny the processing of such request submitted by **Schahin Securitizadora de Créditos Financeiros S/A.** under a joinder of claimants.

As to the other local companies directly or indirectly linked to the engineering and construction activities, the processing of their joint reorganization petition is admissible, as it has been sufficiently demonstrated that all of them operated under the same direction and are subject to the financial crisis that affected Schahin Engenharia S/A.

I note that the validity of the petition submitted under a joinder of claimants does not automatically result in the consolidation of assets and liabilities, as the debtors are different legal entities.

6 – Thus, given that the legal requirements, at least from a formal point of view, have been met, I grant the processing of the court-supervised reorganization of the following companies:

**SCHAHIN ENGENHARIA S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, suite 41, Cerqueira César, in the City of São Paulo, State of São Paulo, enrolled with the National Corporate Taxpayers Register of the Ministry of Finance (CNPJ/MF) under No. 61.226.890/0001-49 (exhibit 1.1);

**SCHAHIN HOLDING S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 07.746.166/0001-09;

**SCHAHIN EMPREENDIMENTOS IMOBILIARIOS LTDA.**, a limited liability company with its principal place of business at Rua Vergueiro, No. 2.009, 7th floor, suite 02, Vila Mariana, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 53.066.577/0001-62;

**SCHAHIN DESENVOLVIMENTO IMOBILIÁRIO S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, suite 37, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 08.976.266/0001-86;

**COMPANHIA SCHAHIN DE ATIVOS**, a corporation with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 23, Cerqueira Cesar, 01310-300, enrolled with the CNPJ/MF under No. 08.078.716/0001-13;

**MTS PARTICIPAÇÕES LTDA.**, a limited liability company with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 33, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 04.202.902/0001-61;

**SM PARTICIPAÇÕES S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 64, Cerqueira Cesar, 01310-300, enrolled with the CNPJ/MF under No. 05.528.707.0001-99;

**SATASCH PARTICIPAÇÕES LTDA.**, a limited-liability company with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 32, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 04.200.380/0001-69;

Tradução nº I-48673
Livro nº 356
Folha 445



*TRADUTORA PÚBLICA*

**DEEP BLACK DRILLING LLP**, a legal entity governed by the provisions of private law with its principal place of business in London, England, at Corporation Trust Center, 1209, on One Silk Street EC2Y 8HQ;

I further order the following:

6.1. – The appointment as trustee of **KPMG CORPORATE FINANCE LTDA. ("KPMG"), CNPJ No. 29.414.117/0001-01, represented by Ms. Osana Mendonça, Brazilian Bar Association/São Paulo Chapter (OAB/SP) No. 122.930**, with address at Rua Arquiteto Olavo Redig de Campos, 105 – 10th floor, Postal Code (CEP) 04711-904, São Paulo, SP, Brazil, electronic address **schahin2vfrj@gmail.com**, which shall take oath within 48 hours. The trustee shall file its first report as a procedural incident of the court-supervised reorganization **(procedural incident No. 0016841-422015.8.26.0100)**, as well as the subsequent monthly reports;

6.2. – No submission of certificates of good standing is required for the debtors to exercise their activities, subject to the legal exceptions;

6.3 – Stay of any actions and executions against the debtors, as well as the respective limitation periods, it being understood that the case records shall remain with the courts were they are being processed, subject to the provisions of article 6, paragraphs 1, 2, and 7, article 49, paragraphs 3 and 4, and article 52, item III of the same Law. The debtors shall be responsible for giving notice of such stay to the relevant courts;

6.4 – Submission of accounting statements by the debtors by the 30th day of each month, under penalty of removal of their controlling shareholders and managers. The first monthly accounts shall be filed as a procedural incident of the court-supervised reorganization **(procedural incident No. 0016844-94. 2015.8.26.0100)**, not in the main case records;

6.5 – Submission of a reorganization plan within 60 days, under penalty of bankruptcy;

6.6. Notification of Public Prosecutors' Office;

6.7. – Notice to the Public Treasuries of the Federal Government and of the States and Municipalities where there are establishments of the debtors, for which purpose they shall submit a digitally-signed copy of this order and proof of delivery within 5 days;

6.8 – Notice to the Commercial Registries for annotation of the reorganization petition in the files of the claimants, for which the debtors shall submit a digitally-signed copy of this order and proof of delivery within 5 days;

6.9. – Issuance of an official notice, in accordance with the provisions of article 52, paragraph 1 of Law No. 11.101/2005, providing a term of 15 days for submission of any proofs of claim or disputes, which shall be submitted to the trustee at its abovementioned address or by email at **schahin2vfrj@gmail.com**, which shall be included in the official notice.

All powers of attorney, articles of association, and powers of attorney costs shall be filed by the creditors and interested parties in procedural incident **No. 0016862-18.2015.8.26.0100**, which is created solely for such purpose.

I grant 48 hours for the debtors to submit a draft official notice in an electronic file. The clerk shall calculate the amount to be paid for publication of the official notice and give notice thereof to the counsel to the debtors by telephone for payment within 24 hours. The counsel shall be simultaneously notified to publish the official notice in a major newspaper on the same date of publication thereof in an official newspaper.

I order notice hereof to be served on the parties.

São Paulo, May 4, 2015.

### Paulo Furtado de Oliveira Filho



Tradução nº I-48673
Livro nº 356
Folha 446

*TRADUTORA PÚBLICA*

## Judge

**Case No. 1037133-31.2015.8.26.0100 – p.**

This document is a copy of the original, digitally signed by PAULO FURTADO DE OLIVEIRA FILHO, and it was released in the case records on May 4, 2015 at 2:23 p.m.

To view the original, please access https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do and enter case number 1037133-31.2015.8.26.0100 and code 10284DD.
*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, February 14, 2019*

MARIA CLÁUDIA SANTOS RIBEIRO RATTO
Tradutora Pública

pas/198345.doc

MARIA CLÁUDIA SANTOS RIBEIRO RATTO - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1287 - CPF 935.223.988-15 - RG 5.302.029
Rua Matias Aires, 402 - 9º andar - 01309-020 - São Paulo - SP - Brasil - Tel. 55-11-3155-7383 - Fax. 55-11-3155-7388 - e-mail: just@just.trd.br - www.just.trd.br



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

---

**Conclusão**

Em 04 de maio de 2015, faço estes autos conclusos ao
MM. Juiz de Direito da 2ª Vara de Falências e Recuperações Judiciais da Capital. Eu,
Breno Oliveira dos Santos, Assistente Judiciáriosubscrevo.

**DESPACHO**

---

Processo nº:      **1037133-31.2015.8.26.0100 - Recuperação Judicial**
Requerente:      **Schahin Engenharia S/A e outros**
Requerido:       **Schahin Engenharia S/A e outros**
Juiz(a) de Direito: Dr(a). **Paulo Furtado de Oliveira Filho**

Vistos.

1 - Trata-se de pedido de recuperação judicial formulado por 13
sociedades nacionais - Schahin Engenharia S/A, Schahin Holding S/A,
Schahin Empreendimentos Imobiliários Ltda., Schahin Desenvolvimento
Imobiliário S/A, MTS Participações Ltda., S.M. Participações S/A, S2
Participações Ltda., Satasch Participações Ltda, Schahin Securitizadora de
Créditos Financeiros S/A, Companhia Schahin de Ativos, Schahin
Administração e Informática Ltda., Foxborough Participações Ltda., HHS
Participações S/A − e 15 sociedades estrangeiras - Schahin Holdco Ltd.,
Schahin Oil & Gas Ltd., Casablanca International Holdings Ltd., Carlyle's
International Holding Ltd., M&S Drilling LLC, Milos Drilling Ltd., South
Empire International LLC, Pelican Drilling Services Ltd., Deep Black
Drilling LLP, Deep Black Drilling LLC, Riskle Holding Gmbh, Black Salt
Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC e Black
Treasure Drilling LLC, integrantes do grupo Schahin.

2 - As sociedades estrangeiras Schahin Holdco Ltd., Schahin Oil &
Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil
Drilling LLC e Black Treasure Drilling LLC, representadas por outros
advogados, ingressaram nos autos, alegando que o credor Mizuho Bank
Ltda., no exercício de garantias contratuais, exerceu o direito de substituir os
administradores das referidas sociedades.
O Mizuho Bank também peticionou nos autos, noticiando decisão da
Suprema Corte das Ilhas Virgens Britânicas, determinando que qualquer
medida proposta por tais sociedades, pelos administradores destituídos,
seria considerada ilícita.
Os advogados que inicialmente representavam tais sociedades
pediram desistência.
As sociedades também ingressaram em juízo, por meio dos advogados
posteriormente constituídos, e pediram desistência, que fica homologada.
Portanto, excluam-se do polo ativo Schahin Holdco Ltd.,

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond
Drilling LLC, Black Oil Drilling LLC e Black Treasure Drilling LLC.

3 – Quanto às demais requerentes sociedades estrangeiras, é preciso
verificar se estão presentes os requisitos legais para o pedido conjunto de
recuperação, em litisconsórcio ativo.

Essa análise se mostra ainda mais necessária quando os requerentes
fazem opção por não formular pedido de recuperação de todas as sociedades
do grupo, reconhecendo que o litisconsórcio não é necessário.

Se a hipótese é de litisconsórcio facultativo, exige-se uma vinculação
qualificada entre as demandas que poderiam ser propostas separadamente
por cada uma das requerentes.

Segundo a inicial, "as sociedades estrangeiras que estão compondo
esse Pedido de Recuperação Judicial são aquelas que estão ligadas à Schahin
Engenharia (em razão dos contratos de prestação de serviços das sondas) e
também daquelas que podem ter ações de credores estrangeiros contra elas."
(fls. 31).

Porém, as sociedades estrangeiras, exceto a Deep Black Drilling PP,
não são proprietárias da sondas operadas no Brasil.

Não há operação brasileira de prospecção de petróleo desenvolvida
por tais sociedades, o que também afasta a competência deste juízo.

Além disso, não há prova nos autos do alegado risco de ações de
credores estrangeiros contra tais sociedades que não são proprietárias das
sondas, com potencial prejuízo à recuperação da Schahin Engenharia.

Portanto, quer por não serem proprietárias das sondas Lancer e
Vitoria operadas pela Schahin Engenharia no Brasil, quer pelo fato de que
não há elementos probatórios que demonstrem o alegado risco de ações
contra as sociedades estrangeiras com prejuízo à recuperação da Schahin
Engenharia, não há afinidade de questões por um ponto comum de fato ou
de direito a justificar a incidência do art. 46, IV, do CPC.

Nem se diga que esta matéria deveria ser deixada à apreciação dos
credores, pois a eles cabe o exame do plano de recuperação, mas ao juiz a
legalidade do litisconsórcio ativo.

Portanto, indefiro o pedido formulado pelas sociedades
estrangeiras Riskle Holding Gmbh, Casablanca International
Holdings Ltd., Milos Drilling Ltd, , Deep Black Drilling LLC, South
Empire International LLC, Pelican Drilling Services
Ltd., Carlyle's International Holding Ltd. e M&S Drilling LLC.

4 – Já a Deep Black Drilling LP é a única sociedade estrangeira que
explora atividade econômica diretamente ligada à da Schahin Engenharia.

A *Deep Black* é afretadora da sonda "Vitoria" operada pela Schahin
Engenharia.

A operação da sonda "Vitoria" está a serviço de outra empresa

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

brasileira (Petrobrás).

A prospecção do petróleo é no Brasil.

Os controladores da *Deep Black* e da Schahin Engenharia são pessoas físicas domiciliadas no Brasil.

A *Deep Black*, portanto, está associada diretamente à operação "Vitória" executada no Brasil pela Schahin Engenharia.

Embora sociedade de nacionalidade inglesa, integrando um grupo econômico brasileiro, viável o seu pedido de recuperação judicial no Brasil.

Aqui está concentrada a atividade empresarial do grupo, critério econômico previsto em lei para a fixação da competência.

5 – Com relação às sociedades nacionais que integram o polo ativo, algumas delas são inativas: Foxborough Participações Ltda.; HHS Participações S/A; Schahin Administração e Informática Ltda.; S2 Participações Ltda.

Havendo obstáculo legal para o processamento de recuperação dessas sociedades sem o exercício de atividade empresarial, requisito previsto no art. 48, *caput*, da Lei 11.101/2005, indefiro o pedido por elas formulado.

Também consta da inicial uma sociedade que não está articulada às atividades de construção ou de exploração de petróleo e gás, a securitizadora de créditos financeiros, sequer incluída no último organograma do grupo apresentado a fls. 7046.

Não basta, para a admissão do pedido de litisconsórcio ativo, a existência de duas sociedades sujeitas ao controle comum, com objetos sociais absolutamente distintos, sem a prova da existência do interesse de grupo.

Portanto, indefiro o processamento do pedido, em litisconsórcio ativo, por Schahin Securitizadora de Créditos Financeiros S/A.

Quanto às demais sociedades nacionais, ligadas direta ou indiretamente às atividades de engenharia e construção, estando suficientemente demonstrado que todas atuavam sob a mesma direção, encontrando-se sujeitas à crise financeira que atingiu a Schahin Engenharia S/A, viável o processamento do pedido de recuperação em conjunto.

Observo que o cabimento do pedido em litisconsórcio ativo não resulta automaticamente na consolidação de ativos e passivos, pois as recuperadas têm personalidades jurídicas distintas.

6 - Assim sendo, e por estarem presentes, ao menos em um exame formal, os requisitos legais, defiro o processamento da recuperação judicial das seguintes sociedades:

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

fls. 7052



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

SCHAHIN ENGENHARIA S/A, sociedade por ações com sede na Avenida Paulista, n° 2.300, 17° andar, conjunto 41, Cerqueira César, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 61.226.890/0001-49 (documento 1.1);

SCHAHIN HOLDING S/A, sociedade por ações com sede na Avenida Paulista, n° 2.300, 17° andar, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 07.746.166/0001-09;

SCHAHIN EMPREENDIMENTOS IMOBILIARIOS LTDA., sociedade limitada com sede na Rua Vergueiro, n° 2.009, 7° andar, conjunto 02, Vila Mariana, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 53.066.577/0001-62;

SCHAHIN DESENVOLVIMENTO IMOBILIÁRIO S/A, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 37, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 08.976.266/0001-86;

COMPANHIA SCHAHIN DE ATIVOS, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 23, Cerqueira Cesar, 01310-300, inscrita perante o CNPJ/MF sob o n° 08.078.716/0001-13;

MTS PARTICIPAÇÕES LTDA., sociedade limitada com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 33, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 04.202.902/0001-61;

SM PARTICIPAÇÕES S/A, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 64, Cerqueira Cesar, 01310-300, inscrita perante o CNPJ/MF sob o n° 05.528.707.0001-99;

SATASCH PARTICIPAÇÕES LTDA., sociedade limitada com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 32, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 04.200.380/0001-69;

DEEP BLACK DRILLING LLP, pessoa jurídica de direito privado, com sede em Londres, Inglaterra, Corporation Trust Center, 1209, na One Silk Street EC2Y 8HQ;

Determino, ainda, o seguinte:

6.1. - Nomeação, como administradora judicial, da KPMG CORPORATE FINANCE LTDA. ("KPMG"), CNPJ 29.414.117/0001-01, representada pela Dra. Osana Mendonça, OAB/SP 122.930, com endereço à Rua Arquiteto Olavo Redig de Campos, 105 - 10° andar, CEP - 04711-904, São Paulo, SP - Brasil, e endereço eletrônico schahin2vfrj@gmail.com que, em 48 horas, prestará compromisso. Deverá o administrador judicial protocolar o primeiro relatório como incidente à recuperação judicial (incidente n° 0016841-42 2015.8.26.0100), assim como os relatórios mensais subsequentes.

**Processo nº 1037133-31.2015.8.26.0100 - p. 4**

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

fls. 7053



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

6.2. - Dispensa de apresentação de certidões negativas para que as recuperandas exerçam suas atividades, ressalvadas as exceções legais;

6.3 - Suspensão das ações e execuções contra as recuperandas, e também o curso dos respectivos prazos prescricionais, permanecendo os autos nos juízos onde se processam, ressalvadas as disposições dos §§ 1°, 2° e 7° do artigo 6° e §§ 3° e 4° do artigo 49 e inciso III do artigo 52 da mesma Lei. Caberá às recuperandas a comunicação da suspensão aos juízos competentes;

6.4 - Apresentação de contas demonstrativas pelas recuperandas até o dia 30 de cada mês, sob pena de destituição dos seus controladores e administradores. As primeiras contas mensais deverão ser protocoladas como incidente à recuperação judicial (incidente n° 0016844-94. 2015.8.26.0100), e não nos autos principais;

6.5 – Apresentação do plano de recuperação no prazo de 60 dias, sob pena de falência;

6.6. Intimação do Ministério Público;

6.7. - Comunicação às Fazendas Públicas da União, dos Estados e Municípios onde há estabelecimentos das recuperandas, que apresentarão, para esse fim, cópia desta decisão, assinada digitalmente, comprovando a entrega em 5 dias;

6.8 - Comunicação à Juntas Comerciais para anotação do pedido de recuperação nos registros das requerentes, apresentando as recuperandas cópia desta decisão, assinada digitalmente, e comprovando a entrega, em 5 dias;

6.9. - Expedição de edital, na forma do § 1° do artigo 52 da Lei 11.101/2005, com o prazo de 15 dias para habilitações ou divergências, que deverão ser apresentadas ao administrador judicial, na sede acima mencionada, ou por meio do endereço eletrônico schahin2vfrj@gmail.com, que deverá constar do edital.
Todas as procurações, contratos sociais e custas de mandato deverão ser protocoladas pelos credores e interessados no incidente n° 0016862-18.2015.8.26.0100, criado exclusivamente para esse fim.

Concedo prazo de 48 horas para as recuperandas apresentarem a minuta do edital, em arquivo eletrônico. Caberá à serventia calcular o valor a

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

fls. 7054

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

ser recolhido para publicação do edital, intimando por telefone o advogado das recuperandas, para recolhimento em 24 horas. No mesmo ato, deverá ser intimado para providenciar a publicação do edital, em jornal de grande circulação na mesma data em que publicado em órgão oficial.

Int.

São Paulo, 04 de maio de 2015.

Paulo Furtado de Oliveira Filho
Juiz de Direito

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

**Processo nº 1037133-31.2015.8.26.0100 - p. 6**

*EXHIBIT "2"*

Tradução nº I-48673
Livro nº 356
Folha 442

Maria Claudia Santos Ribeiro Ratto

*TRADUTORA PÚBLICA*

---

*I, Maria Cláudia Santos Ribeiro Ratto, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a document was submitted to me, written in Portuguese, the translation of which is as follows:*

## SÃO PAULO STATE COURT OF APPEALS

JUDICIAL DISTRICT OF SÃO PAULO

CENTRAL CIVIL COURTHOUSE

2ND BANKRUPTCY AND REORGANIZATION COURT

### Advisement

**On May 4, 2015, I sent these case records to the Hon. Judge of the 2nd Bankruptcy and Reorganization Court of the Capital City, to be taken under advisement. Signed by me, Breno Oliveira dos Santos, Judiciary Assistant.**

### ORDER

Case **No.: 1037133-31.2015.8.26.0100 – Court-Supervised Reorganization**

Claimant: **Schahin Engenharia S/A** *et alii*

Respondent: **Schahin Engenharia S/A** *et alii*

Judge: Mr. **Paulo Furtado de Oliveira Filho**

Having seen the case records:

1 – A court-supervised reorganization petition was submitted by 13 local companies – Schahin Engenharia S/A, Schahin Holding S/A, Schahin Empreendimentos Imobiliários Ltda., Schahin Desenvolvimento Imobiliário S/A, MTS Participações Ltda., S.M. Participações S/A, S2 Participações Ltda., Satasch Participações Ltda, Schahin Securitizadora de Créditos Financeiros S/A, Companhia Schahin de Ativos, Schahin Administração e Informática Ltda., Foxborough Participações Ltda., and HHS Participações S/A – and 15 foreign companies – Schahin Holdco Ltd., Schahin Oil & Gas Ltd., Casablanca International Holdings Ltd., Carlyle's International Holding Ltd., M&S Drilling LLC, Milos Drilling Ltd., South Empire International LLC, Pelican Drilling Services Ltd., Deep Black Drilling LLP, Deep Black Drilling LLC, Riskle Holding Gmbh, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC, all of which are members of the Schahin group.

2 – Foreign companies Schahin Holdco Ltd., Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC, represented by different counsel, appeared in the case records alleging that creditor Mizuho Bank Ltda. has, in the exercise of contractual guarantees, exercised its right to replace the managers of such companies.

Mizuho Bank further reported in the records a decision of the Supreme Court of the British Virgin Islands ruling that any measure sought by such companies through their removed managers would be deemed illegal.

The counselors that originally represented such companies requested to abandon the case.

The companies also appeared before this court, by counsel subsequently appointed, and requested to abandon the case, which is hereby ratified.

**Therefore, Schahin Holdco Ltd., Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC, and Black Treasure Drilling LLC. are dropped from the case.**

3 – As to the other foreign claimants, it is necessary to verify whether the legal requirements for the

Tradução nº I-48673
Livro nº 356
Folha 443



*TRADUTORA PÚBLICA*

joint reorganization petition and joinder of claimants are met.

This analysis is also necessary because the claimants have elected not to submit a reorganization petition for all the group companies, thereby acknowledging that the joinder of claimants is not compulsory.

In the case of a permissive joinder of claimants, there must be a qualified connection between the claims that could be separately filed by each of the claimants.

According to the complaint, "the foreign companies named in this Court-Supervised Reorganization Petition are those that are linked to Schahin Engenharia (by virtue of the drill service agreements) and also of (sic) those that may have actions filed by foreign creditors against them" (p. 31).

However, the foreign companies, except for Deep Black Drilling PP, are not the owners of the drills operated in Brazil.

No Brazilian oil prospecting operation is developed by such companies, which also rules out the jurisdiction of this court.

In addition, there is no evidence in the case records of the alleged risk of actions filed by foreign creditors against such companies which *do not* own the drills, with a potential harm to the reorganization of Schahin Engenharia.

Therefore, either because they do *not* own the Lancer and Vitoria drills operated by Schahin Engenharia in Brazil, or because there is no evidence showing the alleged risk of actions filed against the foreign companies, with a potential harm to the reorganization of Schahin Engenharia, there is no factual or legal common point of affinity between the matters that could justify the application of art. 46, IV, of the Brazilian Code of Civil Procedure (CPC).

Lest it be argued that this matter should be left to the discretion of the creditors, they are entitled to examine the reorganization plan, but the court has authority to review the lawfulness of the joinder of claimants.

**Therefore, I dismiss the request submitted by the foreign companies Riskle Holding Gmbh, Casablanca International Holdings Ltd., Milos Drilling Ltd., Deep Black Drilling LLC, South Empire International LLC, Pelican Drilling Services Ltd., Carlyle's International Holding Ltd., and M&S Drilling LLC.**

4 – On the other hand, **Deep Black Drilling LP** is the only foreign company that develops a business activity directly related to that of Schahin Engenharia.

Deep Black is the charterer of the "Vitoria" drill operated by Schahin Engenharia.

The operation of the "Vitoria" drill is at the service of another Brazilian company (i.e. Petrobras).

The oil prospecting occurs in Brazil.

The controlling shareholders of both Deep Black and Schahin Engenharia are individuals domiciled in Brazil.

Therefore, Deep Black is directly linked with the "Vitória" operation carried out in Brazil by Schahin Engenharia.

Although it is an English company belonging to a Brazilian business group, its request for court-supervised reorganization in Brazil is admissible.

It is here that the business activity of the group is concentrated, which is the economic standard set forth in law to establish jurisdiction.

5 – **As to the local companies** in the joinder of claimants, some of them are inactive: **Foxborough Participações Ltda.; HHS Participações S/A; Schahin Administração e Informática Ltda.; and**

**Tradução nº I-48673**
**Livro nº 356**
**Folha 444**

Maria Claudia Santos Ribeiro Ratto

*TRADUTORA PÚBLICA*

**S2 Participações Ltda.**

If there is a legal obstacle to the reorganization of such companies that do not engage in a business activity, which is a requirement set forth in the main provision of art. 48 of Law No. 11.101/2005, I deny their request.

The complaint also includes a financial credit securitization company, which is *not* linked to the construction or oil and gas exploration activities and is not even included in the latest organization chart of the group presented on p. 7046.

The existence of two companies under common control, with absolutely different corporate purposes, without proof of the existence of a group interest is not sufficient for the admissibility of a request for joinder of claimants.

Therefore, I deny the processing of such request submitted by **Schahin Securitizadora de Créditos Financeiros S/A.** under a joinder of claimants.

As to the other local companies directly or indirectly linked to the engineering and construction activities, the processing of their joint reorganization petition is admissible, as it has been sufficiently demonstrated that all of them operated under the same direction and are subject to the financial crisis that affected Schahin Engenharia S/A.

I note that the validity of the petition submitted under a joinder of claimants does not automatically result in the consolidation of assets and liabilities, as the debtors are different legal entities.

6 – Thus, given that the legal requirements, at least from a formal point of view, have been met, I grant the processing of the court-supervised reorganization of the following companies:

**SCHAHIN ENGENHARIA S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, suite 41, Cerqueira César, in the City of São Paulo, State of São Paulo, enrolled with the National Corporate Taxpayers Register of the Ministry of Finance (CNPJ/MF) under No. 61.226.890/0001-49 (exhibit 1.1);

**SCHAHIN HOLDING S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 07.746.166/0001-09;

**SCHAHIN EMPREENDIMENTOS IMOBILIARIOS LTDA.**, a limited liability company with its principal place of business at Rua Vergueiro, No. 2.009, 7th floor, suite 02, Vila Mariana, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 53.066.577/0001-62;

**SCHAHIN DESENVOLVIMENTO IMOBILIÁRIO S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2.300, 17th floor, suite 37, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 08.976.266/0001-86;

**COMPANHIA SCHAHIN DE ATIVOS**, a corporation with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 23, Cerqueira Cesar, 01310-300, enrolled with the CNPJ/MF under No. 08.078.716/0001-13;

**MTS PARTICIPAÇÕES LTDA.**, a limited liability company with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 33, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 04.202.902/0001-61;

**SM PARTICIPAÇÕES S/A**, a corporation with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 64, Cerqueira Cesar, 01310-300, enrolled with the CNPJ/MF under No. 05.528.707.0001-99;

**SATASCH PARTICIPAÇÕES LTDA.**, a limited-liability company with its principal place of business at Avenida Paulista, No. 2300, 17th floor, suite 32, Cerqueira Cesar, in the City of São Paulo, State of São Paulo, enrolled with the CNPJ/MF under No. 04.200.380/0001-69;



*TRADUTORA PÚBLICA*

**DEEP BLACK DRILLING LLP,** a legal entity governed by the provisions of private law with its principal place of business in London, England, at Corporation Trust Center, 1209, on One Silk Street EC2Y 8HQ;

I further order the following:

6.1. – The appointment as trustee of **KPMG CORPORATE FINANCE LTDA. ("KPMG"), CNPJ No. 29.414.117/0001-01, represented by Ms. Osana Mendonça, Brazilian Bar Association/São Paulo Chapter (OAB/SP) No. 122.930,** with address at Rua Arquiteto Olavo Redig de Campos, 105 – 10th floor, Postal Code (CEP) 04711-904, São Paulo, SP, Brazil, electronic address **schahin2vfrj@gmail.com,** which shall take oath within 48 hours. The trustee shall file its first report as a procedural incident of the court-supervised reorganization **(procedural incident No. 0016841-422015.8.26.0100),** as well as the subsequent monthly reports;

6.2. – No submission of certificates of good standing is required for the debtors to exercise their activities, subject to the legal exceptions;

6.3 – Stay of any actions and executions against the debtors, as well as the respective limitation periods, it being understood that the case records shall remain with the courts were they are being processed, subject to the provisions of article 6, paragraphs 1, 2, and 7, article 49, paragraphs 3 and 4, and article 52, item III of the same Law. The debtors shall be responsible for giving notice of such stay to the relevant courts;

6.4 – Submission of accounting statements by the debtors by the 30th day of each month, under penalty of removal of their controlling shareholders and managers. The first monthly accounts shall be filed as a procedural incident of the court-supervised reorganization **(procedural incident No. 0016844-94.2015.8.26.0100),** not in the main case records;

6.5 – Submission of a reorganization plan within 60 days, under penalty of bankruptcy;

6.6. Notification of Public Prosecutors' Office;

6.7. – Notice to the Public Treasuries of the Federal Government and of the States and Municipalities where there are establishments of the debtors, for which purpose they shall submit a digitally-signed copy of this order and proof of delivery within 5 days;

6.8 – Notice to the Commercial Registries for annotation of the reorganization petition in the files of the claimants, for which the debtors shall submit a digitally-signed copy of this order and proof of delivery within 5 days;

6.9. – Issuance of an official notice, in accordance with the provisions of article 52, paragraph 1 of Law No. 11.101/2005, providing a term of 15 days for submission of any proofs of claim or disputes, which shall be submitted to the trustee at its abovementioned address or by email at **schahin2vfrj@gmail.com,** which shall be included in the official notice.

All powers of attorney, articles of association, and powers of attorney costs shall be filed by the creditors and interested parties in procedural incident **No. 0016862-18.2015.8.26.0100,** which is created solely for such purpose.

I grant 48 hours for the debtors to submit a draft official notice in an electronic file. The clerk shall calculate the amount to be paid for publication of the official notice and give notice thereof to the counsel to the debtors by telephone for payment within 24 hours. The counsel shall be simultaneously notified to publish the official notice in a major newspaper on the same date of publication thereof in an official newspaper.

I order notice hereof to be served on the parties.

São Paulo, May 4, 2015.

**Paulo Furtado de Oliveira Filho**



**Tradução nº I-48673**
**Livro nº 356**
**Folha 446**

*TRADUTORA PÚBLICA*

## Judge

**Case No. 1037133-31.2015.8.26.0100 – p.**

This document is a copy of the original, digitally signed by PAULO FURTADO DE OLIVEIRA FILHO, and it was released in the case records on May 4, 2015 at 2:23 p.m.

To view the original, please access https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do and enter case number 1037133-31.2015.8.26.0100 and code 10284DD.

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, February 14, 2019*

MARIA CLÁUDIA SANTOS RIBEIRO RATTO
Tradutora Pública

pas/198345.doc



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

---

**Conclusão**

Em 04 de maio de 2015, faço estes autos conclusos ao MM. Juiz de Direito da 2ª Vara de Falências e Recuperações Judiciais da Capital. Eu, **Breno Oliveira dos Santos, Assistente Judiciário**subscrevo.

**DESPACHO**

---

Processo nº:        **1037133-31.2015.8.26.0100 - Recuperação Judicial**
Requerente:        **Schahin Engenharia S/A e outros**
Requerido:          **Schahin Engenharia S/A e outros**
Juiz(a) de Direito: Dr(a). **Paulo Furtado de Oliveira Filho**

Vistos.

1 - Trata-se de pedido de recuperação judicial formulado por 13 sociedades nacionais - Schahin Engenharia S/A, Schahin Holding S/A, Schahin Empreendimentos Imobiliários Ltda., Schahin Desenvolvimento Imobiliário S/A, MTS Participações Ltda., S.M. Participações S/A, S2 Participações Ltda., Satasch Participações Ltda, Schahin Securitizadora de Créditos Financeiros S/A, Companhia Schahin de Ativos, Schahin Administração e Informática Ltda., Foxborough Participações Ltda., HHS Participações S/A − e 15 sociedades estrangeiras - Schahin Holdco Ltd., Schahin Oil & Gas Ltd., Casablanca International Holdings Ltd., Carlyle's International Holding Ltd., M&S Drilling LLC, Milos Drilling Ltd., South Empire International LLC, Pelican Drilling Services Ltd., Deep Black Drilling LLP, Deep Black Drilling LLC, Riskle Holding Gmbh, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC e Black Treasure Drilling LLC, integrantes do grupo Schahin.

2 - As sociedades estrangeiras Schahin Holdco Ltd., Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond Drilling LLC, Black Oil Drilling LLC e Black Treasure Drilling LLC, representadas por outros advogados, ingressaram nos autos, alegando que o credor Mizuho Bank Ltda., no exercício de garantias contratuais, exerceu o direito de substituir os administradores das referidas sociedades.

O Mizuho Bank também peticionou nos autos, noticiando decisão da Suprema Corte das Ilhas Virgens Britânicas, determinando que qualquer medida proposta por tais sociedades, pelos administradores destituídos, seria considerada ilícita.

Os advogados que inicialmente representavam tais sociedades pediram desistência.

As sociedades também ingressaram em juízo, por meio dos advogados posteriormente constituídos, e pediram desistência, que fica homologada.

Portanto, excluam-se do polo ativo Schahin Holdco Ltd.,

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

fls. 7050



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

Schahin Oil & Gas Ltd, Black Salt Drilling LLC, Black Diamond
Drilling LLC, Black Oil Drilling LLC e Black Treasure Drilling LLC.

3 – Quanto às demais requerentes sociedades estrangeiras, é preciso
verificar se estão presentes os requisitos legais para o pedido conjunto de
recuperação, em litisconsórcio ativo.

Essa análise se mostra ainda mais necessária quando os requerentes
fazem opção por não formular pedido de recuperação de todas as sociedades
do grupo, reconhecendo que o litisconsórcio não é necessário.

Se a hipótese é de litisconsórcio facultativo, exige-se uma vinculação
qualificada entre as demandas que poderiam ser propostas separadamente
por cada uma das requerentes.

Segundo a inicial, "as sociedades estrangeiras que estão compondo
esse Pedido de Recuperação Judicial são aquelas que estão ligadas à Schahin
Engenharia (em razão dos contratos de prestação de serviços das sondas) e
também daquelas que podem ter ações de credores estrangeiros contra elas."
(fls. 31).

Porém, as sociedades estrangeiras, exceto a Deep Black Drilling PP,
não são proprietárias da sondas operadas no Brasil.

Não há operação brasileira de prospecção de petróleo desenvolvida
por tais sociedades, o que também afasta a competência deste juízo.

Além disso, não há prova nos autos do alegado risco de ações de
credores estrangeiros contra tais sociedades que não são proprietárias das
sondas, com potencial prejuízo à recuperação da Schahin Engenharia.

Portanto, quer por não serem proprietárias das sondas Lancer e
Vitoria operadas pela Schahin Engenharia no Brasil, quer pelo fato de que
não há elementos probatórios que demonstrem o alegado risco de ações
contra as sociedades estrangeiras com prejuízo à recuperação da Schahin
Engenharia, não há afinidade de questões por um ponto comum de fato ou
de direito a justificar a incidência do art. 46, IV, do CPC.

Nem se diga que esta matéria deveria ser deixada à apreciação dos
credores, pois a eles cabe o exame do plano de recuperação, mas ao juiz a
legalidade do litisconsórcio ativo.

Portanto, indefiro o pedido formulado pelas sociedades
estrangeiras Riskle Holding Gmbh, Casablanca International
Holdings Ltd., Milos Drilling Ltd, , Deep Black Drilling LLC, South
Empire International LLC, Pelican Drilling Services
Ltd., Carlyle's International Holding Ltd. e M&S Drilling LLC.

4 – Já a Deep Black Drilling LP é a única sociedade estrangeira que
explora atividade econômica diretamente ligada à da Schahin Engenharia.

A *Deep Black* é afretadora da sonda "Vitoria" operada pela Schahin
Engenharia.

A operação da sonda "Vitoria" está a serviço de outra empresa

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

brasileira (Petrobrás).

A prospecção do petróleo é no Brasil.

Os controladores da *Deep Black* e da Schahin Engenharia são pessoas físicas domiciliadas no Brasil.

A *Deep Black,* portanto, está associada diretamente à operação "Vitória" executada no Brasil pela Schahin Engenharia.

Embora sociedade de nacionalidade inglesa, integrando um grupo econômico brasileiro, viável o seu pedido de recuperação judicial no Brasil.

Aqui está concentrada a atividade empresarial do grupo, critério econômico previsto em lei para a fixação da competência.

5 – Com relação às sociedades nacionais que integram o polo ativo, algumas delas são inativas: Foxborough Participações Ltda.; HHS Participações S/A; Schahin Administração e Informática Ltda.; S2 Participações Ltda.

Havendo obstáculo legal para o processamento de recuperação dessas sociedades sem o exercício de atividade empresarial, requisito previsto no art. 48, *caput,* da Lei 11.101/2005, indefiro o pedido por elas formulado.

Também consta da inicial uma sociedade que não está articulada às atividades de construção ou de exploração de petróleo e gás, a securitizadora de créditos financeiros, sequer incluída no último organograma do grupo apresentado a fls. 7046.

Não basta, para a admissão do pedido de litisconsórcio ativo, a existência de duas sociedades sujeitas ao controle comum, com objetos sociais absolutamente distintos, sem a prova da existência do interesse de grupo.

Portanto, indefiro o processamento do pedido, em litisconsórcio ativo, por Schahin Securitizadora de Créditos Financeiros S/A.

Quanto às demais sociedades nacionais, ligadas direta ou indiretamente às atividades de engenharia e construção, estando suficientemente demonstrado que todas atuavam sob a mesma direção, encontrando-se sujeitas à crise financeira que atingiu a Schahin Engenharia S/A, viável o processamento do pedido de recuperação em conjunto.

Observo que o cabimento do pedido em litisconsórcio ativo não resulta automaticamente na consolidação de ativos e passivos, pois as recuperadas têm personalidades jurídicas distintas.

6 - Assim sendo, e por estarem presentes, ao menos em um exame formal, os requisitos legais, defiro o processamento da recuperação judicial das seguintes sociedades:

**Processo nº 1037133-31.2015.8.26.0100 - p. 3**

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

SCHAHIN ENGENHARIA S/A, sociedade por ações com sede na Avenida Paulista, n° 2.300, 17° andar, conjunto 41, Cerqueira César, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 61.226.890/0001-49 (documento 1.1);

SCHAHIN HOLDING S/A, sociedade por ações com sede na Avenida Paulista, n° 2.300, 17° andar, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 07.746.166/0001-09;

SCHAHIN EMPREENDIMENTOS IMOBILIARIOS LTDA., sociedade limitada com sede na Rua Vergueiro, n° 2.009, 7° andar, conjunto 02, Vila Mariana, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 53.066.577/0001-62;

SCHAHIN DESENVOLVIMENTO IMOBILIÁRIO S/A, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 37, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 08.976.266/0001-86;

COMPANHIA SCHAHIN DE ATIVOS, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 23, Cerqueira Cesar, 01310-300, inscrita perante o CNPJ/MF sob o n° 08.078.716/0001-13;

MTS PARTICIPAÇÕES LTDA., sociedade limitada com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 33, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 04.202.902/0001-61;

SM PARTICIPAÇÕES S/A, sociedade por ações com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 64, Cerqueira Cesar, 01310-300, inscrita perante o CNPJ/MF sob o n° 05.528.707.0001-99;

SATASCH PARTICIPAÇÕES LTDA., sociedade limitada com sede na Avenida Paulista, n° 2300, 17° andar, conjunto 32, Cerqueira Cesar, na Cidade de São Paulo, Estado de São Paulo, inscrita perante o CNPJ/MF sob o n° 04.200.380/0001-69;

DEEP BLACK DRILLING LLP, pessoa jurídica de direito privado, com sede em Londres, Inglaterra, Corporation Trust Center, 1209, na One Silk Street EC2Y 8HQ;

Determino, ainda, o seguinte:

6.1. - Nomeação, como administradora judicial, da KPMG CORPORATE FINANCE LTDA. ("KPMG"), CNPJ 29.414.117/0001-01, representada pela Dra. Osana Mendonça, OAB/SP 122.930, com endereço à Rua Arquiteto Olavo Redig de Campos, 105 - 10° andar, CEP - 04711-904, São Paulo, SP - Brasil, e endereço eletrônico schahin2vfrj@gmail.com que, em 48 horas, prestará compromisso. Deverá o administrador judicial protocolar o primeiro relatório como incidente à recuperação judicial (incidente n° 0016841-42 2015.8.26.0100), assim como os relatórios mensais subsequentes.

**Processo nº 1037133-31.2015.8.26.0100 - p. 4**

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

fls. 7053



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

6.2. - Dispensa de apresentação de certidões negativas para que as recuperandas exerçam suas atividades, ressalvadas as exceções legais;

6.3 - Suspensão das ações e execuções contra as recuperandas, e também o curso dos respectivos prazos prescricionais, permanecendo os autos nos juízos onde se processam, ressalvadas as disposições dos §§ 1°, 2° e 7° do artigo 6° e §§ 3° e 4° do artigo 49 e inciso III do artigo 52 da mesma Lei. Caberá às recuperandas a comunicação da suspensão aos juízos competentes;

6.4 - Apresentação de contas demonstrativas pelas recuperandas até o dia 30 de cada mês, sob pena de destituição dos seus controladores e administradores. As primeiras contas mensais deverão ser protocoladas como incidente à recuperação judicial (incidente n° 0016844-94. 2015.8.26.0100), e não nos autos principais;

6.5 – Apresentação do plano de recuperação no prazo de 60 dias, sob pena de falência;

6.6. Intimação do Ministério Público;

6.7. - Comunicação às Fazendas Públicas da União, dos Estados e Municípios onde há estabelecimentos das recuperandas, que apresentarão, para esse fim, cópia desta decisão, assinada digitalmente, comprovando a entrega em 5 dias;

6.8 - Comunicação à Juntas Comerciais para anotação do pedido de recuperação nos registros das requerentes, apresentando as recuperandas cópia desta decisão, assinada digitalmente, e comprovando a entrega, em 5 dias;

6.9. - Expedição de edital, na forma do § 1° do artigo 52 da Lei 11.101/2005, com o prazo de 15 dias para habilitações ou divergências, que deverão ser apresentadas ao administrador judicial, na sede acima mencionada, ou por meio do endereço eletrônico schahin2vfrj@gmail.com, que deverá constar do edital.
Todas as procurações, contratos sociais e custas de mandato deverão ser protocoladas pelos credores e interessados no incidente n° 0016862-18.2015.8.26.0100, criado exclusivamente para esse fim.

Concedo prazo de 48 horas para as recuperandas apresentarem a minuta do edital, em arquivo eletrônico. Caberá à serventia calcular o valor a

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
PRAÇA JOÃO MENDES S/Nº, SALAS 1618/1624, CENTRO - CEP
01501-900, FONE: (11) 2171-6506, SÃO PAULO-SP - E-MAIL:
SP2FALENCIAS@TJSP.JUS.BR

ser recolhido para publicação do edital, intimando por telefone o advogado das recuperandas, para recolhimento em 24 horas. No mesmo ato, deverá ser intimado para providenciar a publicação do edital, em jornal de grande circulação na mesma data em que publicado em órgão oficial.

Int.

São Paulo, 04 de maio de 2015.

Paulo Furtado de Oliveira Filho
Juiz de Direito

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 04/05/2015 às 14:23.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1037133-31.2015.8.26.0100 e código 10284DD.

**Processo nº 1037133-31.2015.8.26.0100 - p. 6**

*EXHIBIT "B"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:


SCHAHIN HOLDINGS S.A.,
BASE ENGENHARIA E SERVIÇOS                    Chapter 15
DE PETRÓLEO E GÁS S.A.
A/K/A SCHAHIN ENGENHARIA S.A.,               Case No.:
SCHAHIN EMPREENDIMENTOS
IMOBILIARIOS LTDA,
SCHAHIN SECURITIZADORA
DE CRÉDITOS FINANCEIROS S.A.
SCHAHIN DESENVOLVIMENTO
IMOBILIÁRIOS S.A.,
COMPANHIA SCHAHIN DE ATIVOS,
MTS PARTICIPAÇÕES S.A.,
SATASCH PARTICIPAÇÕES LTDA,
DEEP BLACK DRILLING LLP,

        Debtors in a Foreign Proceeding.
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on _____ __, 2019 ("Hearing"), upon the *Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517* (the "Chapter 15 Petition") [DE __] of KPMG Corporate Finance LTDA represented by OSANA MENDONÇA, (the "Foreign Representative"), the duly appointed judicial administrator of the estate in bankruptcy of SCHAHIN HOLDINGS S.A., BASE ENGENHARIA E SERVIÇOS DE PETRÓLEO E GÁS S.A.   A/K/A SCHAHIN ENGENHARIA S.A., SCHAHIN EMPREENDIMENTOS IMOBILIARIOS LTDA, SCHAHIN SECURITIZADORA DE CRÉDITOS FINANCEIROS S.A., SCHAHIN DESENVOLVIMENTO IMOBILIÁRIOS S.A., COMPANHIA SCHAHIN DE ATIVOS, MTS PARTICIPAÇÕES S.A., SATASCH PARTICIPAÇÕES LTDA, and DEEP BLACK DRILLING LLP (collectively, the "Debtors"). The Chapter 15 Petition seeks recognition and related relief, pursuant to Chapter 15 of the Bankruptcy Code, of the Debtors' bankruptcy case pending in 2nd Bankruptcy and Reorganization Court of São Paulo, Brazil (the "Brazilian Bankruptcy Court") under Case No. 1037133-31.2015.8.26.0100 (the "Brazilian Bankruptcy Case").  The Court, having considered the Petition, the Verified Motion, the Statement of the Foreign Representative and its respective attachments, the argument of counsel, and being otherwise duly informed, the Court makes the following Order.

The Court finds:

A.      Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

E.      KPMG Corporate Finance LTDA represented by OSANA MENDONÇA  qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

F.      This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515, 1517.

G.      The Foreign Representative has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

H.      The Brazilian Bankruptcy Case is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I.      The Brazilian Bankruptcy Case is entitled to recognition by this Court under 11 U.S.C. §  1517.

J.      The Brazilian Bankruptcy Case is pending in 2nd Bankruptcy and Reorganization Court of São Paulo, Brazil.  The Debtors have their  center of main interests in São Paulo, Brazil and, accordingly, the Brazilian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K.      The Foreign Representative is entitled to all relief provided under 11 U.S.C. § 1520.

L.      The Foreign Representative is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M.      The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtors or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      The Brazilian Bankruptcy Case is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2.      The Brazilian Bankruptcy Case and the Orders of the Brazilian Bankruptcy Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation, the Order appointing the Foreign Representative as liquidator of the Debtors.

3.      The Foreign Representative is entrusted with the full administration and realization of all or a part of the Debtors' bankruptcy estate and assets located in the United States.

4.      The Foreign Representative shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.      The provisions of 11 U.S.C. § 1520 apply to this proceeding.

6.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtors or the Debtors' bankruptcy estate, located in the United States.

7.      All persons and entities are stayed from executing against the assets, of the Debtors or the Debtors' bankruptcy estate, located in the United States.

8.      All persons and entities are prohibited from transferring, encumbering, disposing of, or exercising control over of any assets of the Debtors or the Debtors' bankruptcy estate, located in the United States.

9.      All persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtors or the Debtors' bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Foreign Representative by written notice sent to the following addresses:

KPMG Corporate Finance LTDA
Attn: OSANA MENDONÇA
Rua Arquiteto Olavo Redig de Campos, 105 – 10th Floor
04711-904, São Paulo, SP Brazil

With a copy to:

Attn: Gregory S. Grossman
Amanda E. Finley
Sequor Law
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Foreign Representatives shall file with the Court information demonstrating those persons and/or entities to whom he has provided notice of this Order.

10.     The Foreign Representative is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors or the Debtors' bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11.     The Foreign Representative is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) Foreign Representative is authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.     No action taken by Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Brazilian Bankruptcy Case or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Foreign Representative, including pursuant to 11 U.S.C. §§ 306 and 1510.

14.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

15.     This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

# # #

Submitted by:

Amanda E. Finley, Esq.
Gregory S. Grossman, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail:      afinley@sequorlaw.com
             ggrossman@sequorlaw.com

Attorney Amanda E. Finley is directed to serve a copy of this Order on all interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order